IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | VIOLATIONS: |
| | : | 18 U.S.C. § 231(a)(3) |
| DONNIE DUANE WREN, and | : | (Civil Disorder) |
| | : | 18 U.S.C. §§ 1512(c)(2), 2 |
| THOMAS HARLEN SMITH, | : | (Obstruction of an Official Proceeding) |
| | : | 18 U.S.C. § 111(a)(1) |
| Defendants. | : | (Assaulting, Resisting, or Impeding Certain Officers) |
| | : | 18 U.S.C. § 1752(a)(1) |
| | : | (Entering and Remaining in a Restricted Building or Grounds) |
| | : | 18 U.S.C. § 1752(a)(2) |
| | : | (Disorderly and Disruptive Conduct in a Restricted Building or Grounds) |
| | : | 18 U.S.C. § 1752(a)(4) |
| | : | (Engaging in Physical Violence in a Restricted Building or Grounds) |
| | : | 40 U.S.C. § 5104(e)(2)(D) |
| | : | (Disorderly Conduct in a Capitol Building) |
| | : | 40 U.S.C. § 5104(e)(2)(F) |
| | : | (Act of Physical Violence in the Capitol Grounds or Buildings) |

## GOVERNMENT'S MOTION TO SEAL INDICTMENT AND DELAY ENTRY OF THIS CASE ON THE PUBLIC DOCKET

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place under seal the Indictment, this motion and proposed order, and any order granting this motion, and to delay entry of this criminal case on the public docket until the arrest warrants for the defendants are executed, at which time the Indictment and related documents shall be automatically unsealed. In support thereof, the Government states

1

as follows:

1. The United States is investigating allegations that Donnie Duane Wren and Thomas Harlen Smith willfully and knowingly entered the United States Capitol grounds on January 6, 2021 without legal authority and participated in violent and disorderly conduct in violation of 18 U.S.C. § 231(a)(3); 18 U.S.C. §§ 1512(c)(2) and 2; 18 U.S.C. § 111(a)(1); 18 U.S.C. §§ 1752(a)(1)-(2) and (4); and 40 U.S.C. §§ 5104(e)(2)(D) and (G).

2. Both defendants have been charged with assaulting law enforcement officers during the riot on January 6, 2021. In addition, in a private message sent after the riot, through Facebook, Smith claimed that he had a pistol in his pocket during the riot on January 6. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and safely arrest the defendants. The Government also anticipates imminently obtaining one or more search warrants for items believed to be in the defendants' possession. Premature disclosure of the charging documents may risk hampering those efforts or lead to the destruction of evidence. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

4. In this matter, the United States has a compelling interest in arresting the defendants. A limited sealing order ensuring that filings related to the Indictment and Arrest

2

Warrants are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

5. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Indictment and Arrest Warrants, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest them. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Indictment and Arrest Warrants.

5. To ensure that the Indictment and related documents are unsealed promptly upon the arrest of the defendant, the government requests that these documents be automatically unsealed by operation of the Court's order, and that the government be permitted to share the documents publicly at that time.

WHEREFORE, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, the Indictment, the Arrest Warrants, this motion and proposed order, and any order granting this motion, and to delay entry of this criminal case on the public docket until the arrest warrants for the defendants have been

executed, at which time the Indictment and related documents shall be automatically unsealed and may be publicly shared by the government.

                                        Respectfully submitted,

                                        CHANNING D. PHILLIPS
                                        ACTING UNITED STATES ATTORNEY
                                        D.C. Bar No. 415793

                                        */s/Michael J. Romano*
By:  MICHAEL J. ROMANO
      Illinois Bar No. 6293658
      Trial Attorney / Detailee
      United States Attorney's Office
      555 4th Street, N.W.
      Washington, D.C. 20004
      Telephone No. (202) 307-6691
      michael.romano@usdoj.gov