IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DONNIE WREN and THOMAS SMITH,<br><br>Defendants. | Case No.: 1:21-cr-00599-RBW |

## GOVERNMENT'S MOTION FOR REVISED JURY INSTRUCTIONS AND VERDICT FORMS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion clarifying its requested jury instruction language and moving for revisions to the verdict forms.

## ARGUMENT

I.    **The Court should revise the definition of "Assault" and "Forcibly" in Counts Four and Five.**

Since submitting our draft jury instructions, the U.S. Attorney's office composed a new model 18 U.S.C. 111 instruction.

The second sentence of the current definition of "Forcibly" reads, "A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly."

This sentence should be omitted and replaced with the following:

> Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.

*United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of "forcible" action can be met by a showing of either physical contact with the federal agent, or by such a threat or display

of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.")
(quotation marks omitted) (citing cases).

"Injury" in the "Assault" definition should be defined as merely an "offensive touching,"
matching the district's model instruction. The definition of "assault" in the instructions on Counts
Four and Five currently reads:

> The term "assault" means any intentional attempt or threat to inflict injury upon someone
> else, when coupled with an apparent present ability to [do so/commit the assault]. A finding
> that one used force, or attempted or threatened to use it, is not the same as a finding that he
> attempted or threatened to inflict injury. In order to find that the defendant committed an
> "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and
> that the defendant intended to inflict or intended to threaten injury on someone else.

The instruction should be revised to read:

> The term "assault" means any intentional attempt or threat to inflict injury upon someone
> else, when coupled with an apparent present ability *to do so. To find* that the defendant
> committed an "assault," you must find beyond a reasonable doubt that the defendant
> intended to inflict or to threaten injury on someone else. *Injury means any physical injury,*
> *however small, including a touching offensive to a person of reasonable sensibility.*
> (Emphasis added.)

This definition of "injury" is taken directly from the Criminal Jury Instructions for the
District of Columbia, No. 4.100 (2022 ed.). The crime of simple assault is designed to protect not
only against physical injury but against all forms of offensive touching. *See United States v. Watts*,
798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to
threaten or attempt to make offensive rather than injurious physical contact with the victim");
*United States v. Stoddard*, 407 Fed. Appx. 231, 233-34 (9th Cir. 2011) (spitting is a felony assault,
pursuant to 111(a)(1), because it is an "offensive touching" under common law and physical
contact includes offensive touchings); *United States v. Lehi*, 446 Fed. Appx. 96, 100 (10th Cir.
2011) (spitting is a forcible assault involving physical contact; applies "offensive touching"
standard).

Thus, the Court should include the definition of "injury" from the district's model instructions to ensure that the jury will understand the level of "injury" required.

**II.     The Court should clarify "bodily harm" in the "act of physical violence" definitions in Count Nine and Twelve.**

This Court should add the definition of "bodily harm" used by others in the district to clarify that the physical violence need not be capable of causing "death" or near-death but merely "physical pain or injury." The definition of "act of physical violence" in Counts Nine and Twelve should include this as the last sentence of the paragraph: "In connection with bodily harm, the act must consist of force capable of causing physical pain or injury to another person." *United States v. Vincent Gillespie*, 22-cr-60, ECF 62, p. 10 (Howell, C.J.).

**III.     Verdict Form Revision - Omit mention of Superseding Indictment**

Since the Court will not send the Indictment with the Jury into deliberation, it should omit the phrase "as charged in Count [number] of the Superseding Indictment" from each line of the verdict form. There is significant risk that the jury will be confused by mention of a Superseding Indictment—a legalistic term—that they will not see. Since each count is clearly stated at the beginning of the line, the jury will still understand which verdict line corresponds with which count.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Government respectfully requests that the Court make these revisions.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Tighe R. Beach*
       TIGHE R. BEACH
       Assistant United States Attorney
       601 D Street NW
       Washington, D.C. 20530
       CO Bar No. 55328
       (240) 278-4348
       tighe.beach@usdoj.gov

       VICTORIA A. SHEETS
       Assistant United States Attorney
       NY Bar No. 5548623
       601 D Street NW
       District of Columbia, DC 20530
       (202) 252-7566
       victoria.sheets@usdoj.gov

       MELANIE L. ALSWORTH
       Ark. Bar No. 2002095
       Trial Attorney
       On detail to the USAO-DC
       601 D Street, N.W.
       Washington, DC 20530
       (202) 598-2285
       melanie.alsworth2@usdoj.gov