UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>   Plaintiff, )<br>vs. )<br>  )<br>DONNIE DUANE WREN, )<br>  )<br>   Defendant. ) | CASE NO.: 21CR00599-RBW |

# MOTION FOR NEW TRIAL

The Defendant, **DONNIE DUANE WREN**, through undersigned counsel and pursuant to Rule 33, Federal Rules of Criminal Procedure, moves this Honorable Court for a new trial in this matter and for grounds in support states:

## INTRODUCTION

The Court may grant a new trial "if the interest of justice so requires." Fed. R. Cr. P. 33(a). The Court, however, should not grant a Rule 33 motion based on insufficiency of evidence unless the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Walker*, 899 F. Supp. 14, 15 (D.D.C. 1995) (quoting *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985)). "This power should be exercised with caution and is invoked only in those exceptional cases in which the evidence weighs heavily against the verdict." *United States v. Edmunds*, 765 F. Supp. 1112, 1118 (D.D.C. 1991). Moreover, "[e]ven where

errors occur, a new trial should be granted only if the moving party has shown that the error was substantial, not harmless, and that the error `affected the defendant's substantial rights.'" *Walker*, 899 F. Supp. at 15 (quoting *United States v. Johnson,* 769 F. Supp. 389, 395-96 (D.D.C. 1991)). In considering a Rule 33 motion, the court "may weigh the testimony and may consider the credibility of the witnesses." *United States v. Edmunds*, 765 F. Supp. 1112, 1118 (D.D.C. 1991).

## GROUNDS FOR NEW TRIAL

### Failure to Sever Defendants

Rule 14 of the Federal Rules of Criminal Procedure states that if the joinder of offenses ***or Defendants*** in an indictment, an information, or a consolidation for trial ***appears to prejudice a defendant*** or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. (emphasis added). Thus, severance is warranted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. U.S.,* 506 U.S. 534, 538 (1993). This risk may occur when evidence that the jury should not consider against a defendant tried alone, is admitted at the joint trial such as a co-defendant's wrongdoing, or inversely if there is exculpatory evidence that would be admissible if the defendant were tried alone but

2

is unavailable in a joint trial. *Id.*

In this instance, the Defendant suffered an immeasurable Sixth Amendment violation when the Court improperly limited counsel's cross examination of Agent Cindy Barrois, (**ironically to protect the very same 6th Amendment right of the more culpable co-defendant!**). Feeble curative measures were inadequate to remedy this violation. The resulting skewed and incomplete testimony of Agent Barrois became a feature of the government's case resulting in the government seizing upon this shortcoming by utilizing a misleading statement in their closing arguments: "I knew I shouldn't have been there."

Agent Barrois' testimony went straight to the heart of Count Seven, Entering or Remaining in a Restricted Building or Grounds, for which Defendant Wren was found guilty. If the Defendants had been severed, this overly restrictive limit on confrontation would not have existed.

The failure of the Court to grant Wren's pre-trial motion to sever resulted in repeated instances where the parties and the Court unnecessarily confronted thorny issues requiring remedial measures which invariably fell far short in correcting the error. Counsel repeatedly renewed this motion to sever and frequently moved for mistrial.

When defendants are tried together and they have markedly different degrees of culpability, the risk of prejudice is heightened. See *Kotteakos v. United States*,

328 U. S. 750, 774-775 (1946).  Such a risk occurs when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant.  This is precisely what happened herein where the Defendant Wren was highly prejudiced by the not insignificant amounts of evidence the jury would *have never* considered coming into the trial as evidence against co-Defendant Smith.  While Smith's Facebook messages and posts went directly to the heart of the government's case against him, at the same time, it clearly prejudiced Wren in that the the jury could then easily make assumptions about the intentions and/or propensities of Wren based on statements made by Smith.

## Duplicity and Confusion regarding 111(a)(1) and 231(a)(3)

Count Four of the Second Superseding Indictment charged Mr. Wren, under 18 USC § 111(a)(1), with assaulting, resisting, opposing, impeding, intimidating, and interfering with an officer and employee of the United States, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.  The Court, over defense objection, specifically instructed the jury that the other felony was Count Two, § 231(a)(3).  Section 231(a)(3) prohibits identical conduct to that proscribed by § 111(a)(1); it is therefore neither a separate offense nor "another felony" sufficient to support a §


111(a)(1) conviction. It was error to so instruct and the § 111(a)(1) count should have been dismissed prior to jury deliberations.

Count Four of the Second Superseding Indictment charged Wren with assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1). Section 111 creates "three separate offenses: (1) simple assault; (2) more serious assaults but not involving a dangerous weapon; and (3) assault with a dangerous weapon." *Sophin v. United States*, 153 F. Supp. 3d 956, 962 (W.D. Tex. 2015) (internal quotation marks and citations omitted). "[S]imple assault is a misdemeanor offense under § 111(a)," and "the other two forms of assault are felonies." *Id*.

The government in this case chose to pursue a felony charge, under the second category of "more serious assaults but not involving a dangerous weapon." The Second Superseding Indictment in Count Four alleged that Mr. Wren "forcibly assault[ed], resist[ed], oppose[d], impede[d], intimidate[d], and interfere[d] with" an "officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve the intent to commit another felony." The only "other felony" alleged in the indictment is felony civil disorder, the § 231(a)(3) count.

The § 231(a)(3) count, however, is predicated on the same conduct as the §111(a)(1) count. It therefore cannot be a valid "another felony" because under binding Supreme Court precedent, Mr. Wren cannot be convicted of both offenses. "Where two statutory provisions proscribe the same offense, a legislature does not intend to impose two punishments for that offense." *Rutledge v. United States*, 517 U.S. 292, 297 (1996). *See, e.g., Ball v. United States*, 470 U.S. 856 (1985) (holding that a defendant cannot be convicted of both illegal receipt and illegal possession of a firearm). "If a federal court exceeds its own authority by imposing multiple punishments not authorized by Congress, it violates not only the specific guarantee against double jeopardy, but also the constitutional principle of separation of powers in a manner that trenches particularly harshly on individual liberty." *Whalen v. United States*, 445 U.S. 684, 689 (1980). The Supreme Court has developed a test to determine whether two statutes proscribe the same offense. In cases where "the same act or transaction constitutes a violation of two statutory provisions, the test to be applied to determine whether there are two offenses, or one is whether *each* provision requires proof of a fact that the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (emphasis added).

Here, § 231(a)(3) does not require proof of a fact that § 111(a)(1) does not. To convict Wren under § 231(a)(3), the government must have proved that he committed an act to obstruct, impede, and interfere with a law enforcement officer

lawfully engaged in the lawful performance of his/her official duties. The government likewise must have proved that Wren had the intent to do so. *See United States v. McHugh*, 583 F. Supp. 3d 1, 25 (D.D.C. 2022) ("§ 231(a)(3) is a specific intent statute, criminalizing only acts performed *with the intent* to obstruct, impede, or interfere with a law enforcement officer") (emphasis in original).

Meanwhile, to convict Wren under § 111(a)(1), the government must have proved that he forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with an officer and employee of the United States, while such person was engaged in and on account of the performance of his official duties. Alternatively, the government additionally must prove that Mr. Harris intended to commit another felony, to wit: § 231(a)(3). To do so, it must inevitably rely on the identical conduct proscribed by the civil disorder statute.

Accordingly, if § 231(a)(3) is the only other felony, then the conviction on the § 111(a)(1) count cannot stand. A new trial is warranted here, notwithstanding the rule that "the Government may seek a multiple-count indictment" alleging lesser-included offenses as long as judgment is entered "on only one of the statutory offenses." *Ball*, 470 U.S. 856, 865 (1985). ***Charging lesser included offenses as separate counts is one matter, but using a lesser included offense to satisfy an element requiring intent to commit "another felony" is an entirely different matter.*** Section 231 is a lesser included offense involving identical conduct to that

7

proscribed by § 111(a)(1); it therefore cannot, under any circumstances, act as a predicate to support a § 111(a)(1) count.  At trial, the government was able to point to only § 231 as the other felony. But § 231 is not, in fact, an independent and separate offense.  Here, as in *Ball*, the "independent but overlapping statutes simply are not directed to separate evils under the circumstances." 470 U.S. at 864 (internal quotation marks and citation omitted).

    The merger doctrine provides a useful analogy here.  When, for example, a defendant is charged with both entering a bank with intent to commit a felony and robbery, "the heart of the [former] crime is the intent to steal," which "merges into the completed crime if the robbery is consummated." *Prince v. United States*, 352 U.S. 322, 328 (1957).  Here, § 231 does not merge into §111(a)(1); rather, § 111(a)(1) collapses into § 231. This is because § 111(a)(1) explicitly requires *another* felony.  The government cannot, as they have, use a lesser included offense to satisfy that "other felony" requirement, just as it could not use the crime of entering a bank with the intent to commit a robbery to satisfy a robbery statute that enhanced punishment if the robbery occurred with intent to commit another felony. The conviction on the § 111(a)(1) count, (Count Four), should be vacated and a new trial awarded on Count Two.

    "The prosecution's ability to bring multiple charges increases the risk that the defendant will be convicted on one or more of those charges." *Ball*, 470 U.S. at

867 (Stephens, J., concurring). "The very fact that a defendant has been arrested, charged, and brought to trial on several charges may suggest to the jury that he must be guilty of at least one of those crimes." *Id*. at 867-868. Where "the prosecution's evidence is weak, its ability to bring multiple charges may substantially enhance the possibility that, even though innocent, the defendant may be found guilty on one or more charges as a result of a compromise verdict." *Id*. at 868. The "submission of two charges rather than one gives the prosecution the advantage of offering the jury a choice—a situation which is apt to induce a doubtful jury to find the defendant guilty of the less serious offense rather than to continue to debate as to his innocence." *Id*. (internal quotation marks and citation omitted). This is precisely what happened in this case. Mr. Wren therefore asks this Court to vacate Count Four and grant a new trial on Count Two.

## Rule of Completeness

The unintended and unfair consequences of trying both defendants jointly in this case was so pervasive that it spawned other, equally serious, errors. For example, counsel attempted to counter the unfair and frankly untrue impressions given by the limited ability to cross-examine Agent Farrois by introducing the Defendant's full statement. Yet, the Court failed to allow counsel to dispel that unfair impression even though it was completely permissible under Rule 106, Federal Rules of Evidence. Consequently, the jury was misled with evidence that

was incomplete and taken out of context.

To guard against this inherent unfairness of introducing such misleading evidence, counsel should thus have had the ability not only to cross-examine the witness about the incomplete evidence but also to introduce – either directly or through the proponent – the accompanying evidence needed to put the statement into context. This obviously includes evidence that might be otherwise inadmissible; as, for example, hearsay.

As the District of Columbia Circuit Court of Appeals has held, the primary function of Rule 106, is to preserve fairness and avoid "the specter of distorted and misleading trials." *United States v. Sutton*, 801 F.2d 1346, 1369 (D.C. Cir. 1986). That specter was not avoided.

## Jury Selection

The multitude of irregularities that occurred during jury selection warrant a new trial.

First, the government clearly violated the directive of *Batson v. Kentucky*, 476 U.S. 79 (1986), when it used its first four preemptory challenges to purposefully strike three (3) African-American prospective jurors based solely on their race. The result, naturally, was the seating of a jury which underrepresented African-Americans, and consequently, did not fairly represent the community.

Secondly, the Court, over defense objection, excused an otherwise qualified

prospective juror simply because he was unvaccinated. This occurred literally days after and despite our President signing a bipartisan congressional resolution ending the COVID-19 national emergency on April 11, 2023. This error was compounded by then allowing unqualified and fanatical vaccine proponents who flatly refused to serve with an unvaccinated person, notwithstanding more than adequate safety measures instituted by the Court. Counsel was then required to waste two (2) of his preemptory challenges on those prospective jurors.

Finally, the Court erred in striking an otherwise qualified juror who peacefully demonstrated at the Capitol on January 6 simply due to that fact.

Each of the errors alone requires the granting of a new trial.

WHEREFORE, based upon the foregoing, the Defendant, DONNIE DUANE WREN, requests that this Court grant the relief requested herein.

Respectfully submitted,

GEORGE T. PALLAS, P.A
Counsel for Donnie Duane Wren
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
gpallas@beckhamsolis.com

By:/s/___*George T. Pallas*_____
       GEORGE T. PALLAS, ESQ.

## **CERTIFICATE OF SERVICE**

I certify that on this 19 day of May 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing.

By:/s/___*George T. Pallas*_____
    GEORGE T. PALLAS, ESQ.